# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00131-CR

**Louis Daniel Gutierrez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-10-301864, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Louis Daniel Gutierrez was convicted by a jury of aggravated assault by threat with a deadly weapon. *See* Tex. Penal Code Ann. §§ 22.01(a)(2), 22.02(a)(2) (West 2011). After finding that Gutierrez had two previous felony convictions, the jury assessed punishment at fifty years' imprisonment. *See id.* § 12.42(d) (West 2011). In his sole issue on appeal, Gutierrez asserts that he received ineffective assistance of counsel because his counsel failed to request a jury charge on the lesser-included offense of terroristic threat. *See id.* § 22.07(a)(2) (West 2011). We affirm the judgment of the trial court.

## BACKGROUND

On August 11, 2010, Gutierrez picked his mother up from her work and drove her home.[1] During the drive home, Gutierrez's mother called her other son and had a brief conversation.

---

[1] The facts recited herein are taken from testimony and exhibits admitted at trial.

Gutierrez became upset when he learned that his mother was planning on letting her other son borrow her truck. Gutierrez became more irate over the duration of the drive home, and he began hitting the steering wheel, cursing at his mother, and yelling that his mother "always do[es] things for [her other children], not for him."

When Gutierrez and his mother arrived home, Gutierrez entered the house first and headed straight for the kitchen where he removed a knife from a drawer. His mother entered the kitchen and retrieved her spare keys. As she attempted to leave, Gutierrez approached her with the knife in his hand and said, "Don't run. I'm going to kill you." Gutierrez's mother immediately fled from the house, running to a neighbor's home to try to get help. Her neighbor did not answer the door, and upon seeing Gutierrez driving down the street, Gutierrez's mother hid behind some bushes.

After Gutierrez drove away, his mother knocked on another neighbor's door, and this time the neighbor answered. She asked the neighbor to call a taxi for her. While she was waiting for the taxi, Gutierrez drove by again, and his mother once again hid behind bushes. During her attempt to evade her son, Gutierrez's mother called her daughter on her cell phone. The daughter later testified at trial that Gutierrez's mother was crying during the conversation and that she sounded very scared. Finally, after the taxi arrived and Gutierrez's mother was able to get away from her neighborhood, she called 9-1-1 and told the police what had transpired.

Gutierrez was subsequently arrested and charged with aggravated assault by threat with a deadly weapon. *See id.* §§ 22.01(a)(2), 22.02(a)(2). His jury trial lasted four days, including the hearing on punishment. The State called seven witnesses, including Gutierrez's mother, the daughter she contacted during the assault, and two neighbors who witnessed Gutierrez's mother

2

hiding from her son. The State also introduced the knife that Gutierrez was holding when he threatened his mother. Gutierrez did not call any witnesses.

The jury convicted Gutierrez of the offense as charged.[2] Gutierrez elected to have the jury assess punishment. The jury found that Gutierrez had been previously convicted of two sequential felonies, and therefore assessed punishment at fifty years' imprisonment. *See id.* § 12.42(d) (enhancing punishment for felony conviction if accused has been convicted of two previous sequential felonies). Gutierrez filed a motion for new trial, which the trial court denied. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Gutierrez asserts that he received ineffective assistance of counsel because his counsel failed to request a jury charge on the lesser-included offense of terroristic threat.[3] *See id.* § 22.07(a)(2). In order to prevail on an ineffective-assistance-of-counsel claim, Gutierrez must satisfy the two-prong test set out in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* standard for claims of ineffective assistance of counsel). Under *Strickland*, a defendant

---

[2] The jury also made an affirmative finding that the assault involved "family violence." *See* Tex. Code Crim. Proc. Ann. art. 42.013 (West 2006) (requiring court to enter family violence finding in judgment). However, the family violence finding does not affect Gutierrez's sentence in this case or the issue on appeal, so we will not refer to it in our opinion. *See Bell v. State*, No. 03-10-00216-CR, 2010 Tex. App. LEXIS 9197, *6–7 (Tex. App.—Austin Nov. 16, 2010, pet. ref'd) (mem. op. not designated for publication) (explaining purpose of entering family violence finding).

[3] The trial court denied defense counsel's request for a jury charge on a lesser-included offense. However, it is not clear from the record what lesser-included offense Gutierrez's counsel requested. For purposes of review, we treat this as a failure to request a lesser-included offense instruction for terroristic threat. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (West 2006) (requiring parties to submit written objection to court's charge in order to preserve issue for appeal).

must show that (1) the counsel's performance was deficient and (2) the defendant was prejudiced by the deficient performance. 466 U.S. at 687. Our review of counsel's performance must be highly deferential; we presume that counsel makes all significant decisions in the exercise of reasonable judgment. *Strickland*, 466 U.S. at 689. Counsel's performance is deficient when it falls "below an objective standard of reasonableness" based upon "prevailing professional norms." *Id.*; *see also Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Gutierrez has the duty to bring forth a record that affirmatively demonstrates the alleged ineffectiveness of his counsel by a preponderance of the evidence. *See Scheanette v. State*, 144 S.W.3d 503, 509-10 (Tex. Crim. App. 2004). Without a record, finding counsel constitutionally ineffective would require us to assume that there was no sound trial strategy, which we are not permitted to do unless the counsel's decision was "so outrageous that no competent attorney would have engaged in it." *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Therefore, performance of counsel usually cannot be adequately examined based on a trial-court record; this type of record is best developed on a motion for new trial.[4] *See Scheanette*, 144 S.W.3d at 509-10; *Jackson v. State*, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994) (Baird, J., concurring).

To establish his claim that his counsel's performance was deficient, Gutierrez must first show that he was entitled to an instruction on the lesser-included offense of terroristic threat. *See Fuentes v. State*, 991 S.W.2d 267, 272 (Tex. Crim. App. 1999). In order to show that he was entitled to a lesser-included offense instruction, Gutierrez must satisfy the two-prong *Aguilar/Rousseau* test. *See Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005); *see also*

---

[4] Gutierrez did not raise an ineffective-assistance-of-counsel claim in his motion for new trial.

4

*Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985). The first prong "requires the court to determine whether the lesser offense actually is a lesser-included offense of the offense charged." *Hall*, 158 S.W.3d at 473 (internal citations omitted). The second prong "asks whether the record contains some evidence that would permit a rational jury to find that the defendant is guilty *only* of the lesser-included offense." *Id.* (internal citations omitted).

With regard to the first prong, Gutierrez asserts that terroristic threat is a lesser-included offense of aggravated assault as charged. *See* Tex. Penal Code Ann. §§ 22.02(a)(2), 22.07(a)(2) (West 2011). Under the Texas Code of Criminal Procedure, an offense is a lesser-included offense if:

> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code Crim. Proc. Ann. art 37.09 (West 2006).

In this case, terroristic threat is not a lesser-included offense of aggravated assault as charged. *See id.*; *see also* Tex. Penal Code Ann. §§ 22.02(a)(2), 22.07(a)(2). A person commits a terroristic threat if he (1) "threatens to commit any offense involving violence to any person or property" (2) with the *intent* to "place any person in fear of imminent serious bodily injury."

5

*See id.* § 22.07(a)(2). In this case, Gutierrez was charged with committing aggravated assault by (1) intentionally or knowingly threatening his mother with imminent bodily injury and (2) us[ing] or exhibit[ing] a deadly weapon, to-wit: a knife, during the commission of said assault. *See id.* § 22.02(a)(2), *see also id.* § 22.01(a)(2). Therefore, "terroristic threat requires proof of the intent to place someone in fear of imminent serious bodily injury—proof that is not required for the charge of aggravated assault . . . ." *See Barnett v. State*, 344 S.W.3d 6, 15 (Tex. App.—Texarkana 2011, pet. ref'd). Thus, terroristic threat requires proof of an additional element beyond that of the offense charged, i.e., the intent to place someone in fear of serious bodily injury. Because terroristic threat is not established by "proof of the same or less than all the facts" required to prove aggravated assault, it is not a lesser-included offense under article 37.09(1) of the Texas Code of Criminal Procedure.

Furthermore, terroristic threat does not qualify as a lesser-included offense of aggravated assault under any other criteria set out in the code of criminal procedure. Terroristic threat is not a lesser-included offense under article 37.09(2) because it does not involve a less serious injury than aggravated assault, given that the injury for both offenses is threatening another person with bodily harm.[5] *See* Tex. Code Crim. Proc. Ann. art. 37.09(2). Similarly, terroristic threat is not a lesser-included offense under article 37.09(3) because it does not involve a less culpable mental state than aggravated assault, given that terroristic threat must be committed "intentionally," while assault can be committed "knowingly." *See id.* art. 37.09(3); *see also Howard v. State*, 333 S.W.3d

---

[5] Terroristic threat can apply to a threat of violence against property, which is a less severe injury than a threat of violence against a person. However, the offense as alleged in this case involved a threat against Gutierrez's mother, and thus both terroristic threat and aggravated assault involve the same injury.

6

137, 139 (Tex. Crim. App. 2010) (noting that "knowledge" is less culpable mental state than "intent").

Finally, terroristic threat is not a lesser-included offense under article 37.09(4) because it is not an attempted assault given that neither offense requires that the target of the threat actually be placed in fear of imminent bodily injury. *See* Tex. Code Crim. Proc. Ann. art. 37.09(4); *see also* Tex. Penal Code Ann. §§ 22.01(a)(2), 22.07(a)(2).

Therefore, we conclude that terroristic threat is not a lesser-included offense of aggravated assault as charged. Gutierrez has failed to satisfy the first prong of the *Aguilar/Rousseau* test, and thus he has failed to show that he was entitled to an instruction on the lesser-included offense of terroristic threat. *See Hall*, 158 S.W.3d at 473. Accordingly, Gutierrez has not demonstrated that his counsel was in error, much less deficient, for failing to request an instruction for this proposed lesser-included offense.[6] *See Fuentes*, 991 S.W.2d at 272. Because we cannot conclude that Gutierrez's counsel's performance was deficient, we need not consider whether Gutierrez was prejudiced by his counsel's performance. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) ("[A]n appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.") (citing *Strickland*, 466 U.S. at 697). Gutierrez's sole point of error is overruled.

---

[6] Furthermore, even if Gutierrez were entitled to a lesser-included offense instruction for terroristic threat, there is nothing in the record to show that his counsel's decision not to request such an instruction was not part of some sound trial strategy. *See Ex Parte White*, 160 S.W.3d 46, 55 (Tex. Crim. App. 2004) (noting that decision to not request lesser-included offense may be part of valid "all-or-nothing" strategy), *rev'd on other grounds*, 610 F.3d 890 (5th Cir. 2010). "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

## CONCLUSION

We affirm the trial court's judgment of conviction.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed

Filed:   August 1, 2012

Do Not Publish