

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00163-CR

JOHN PAUL ROSS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

In three issues, Appellant John Paul Ross appeals his robbery conviction. We affirm.

### II. Factual and Procedural Background

Ross entered a CVS pharmacy wearing a hat and sunglasses, approached photo manager Maria Hernandez at the cash register, told her that he wanted to

---

[1]*See* Tex. R. App. P. 47.4.

exchange an item, and handed her the item in a sack.[2]  Ross then told

Hernandez that he had forgotten his wallet and that he would be right back.

When Ross returned, Hernandez told him that she could not do anything without

a receipt.  At that point, Ross told her to come closer to the counter and then

whispered for her to "nice and quietly" put all of the money in the cash drawer

into the sack that he had given her.[3]  Hernandez told Ross that she did not have

a key to the register and that he had to buy something for her to open it.  Ross

said to her, "[Y]ou think I'm playing?"  Hernandez replied that she was "not

playing either."

Hernandez said that she moved away from the cash register and

unsuccessfully tried to get the attention of her manager, Haley Phillips.  When

Ross approached Phillips, Hernandez asked a customer to call 9-1-1, but the

customer was unable to do so because she did not have a cell phone.  Once

Hernandez got Phillips's attention, she told Phillips that they were being robbed

and that Phillips needed to call 9-1-1.  Phillips, who knew Hernandez not only as

a coworker but also as a long time family friend, said that she could tell from the

look in Hernandez's eyes that she was scared.  Phillips said that after she called

---

[2]Hernandez said that the item was some kind of oil but that it was not from CVS.

[3]Hernandez also initially testified that Ross had told her to do so "or else" but then said that she did not remember him saying that.  On cross-examination, she acknowledged that immediately after the incident, she did not mention to detectives that Ross had said "or else."

9-1-1, when Ross asked Phillips what she was doing in a stern voice, she "freak[ed] out" and became hysterical before she heard the approaching police sirens.

Hernandez testified that Ross approached her again and whispered to her to finish ringing up her customer, to leave the register open, and to hand him the money. But Hernandez rang up three or four customers and then closed the register each time. After one of those occasions, Ross asked Hernandez why she had closed the register, and Hernandez told him that she was not going to give him anything. Ross left the store when police vehicle sirens became audible, but police apprehended him before he drove out of the parking lot. The State indicted Ross for robbery.

Hernandez stated that she had been angry about having been robbed at gunpoint the previous week but she was also afraid during the encounter with Ross and that she felt threatened by both Ross's words and his actions. Ross wore his sunglasses and hat the entire time and kept his hands in his pockets, but Hernandez said that she never saw a weapon and that she could tell that Ross did not have a weapon in his pockets. However, Hernandez also said that she was afraid that Ross might grab her, pull her over the counter, or otherwise injure her somehow. Hernandez testified that she thought that Ross was trying to commit theft and that she felt threatened and scared; she agreed that she was

afraid of imminent injury.[4]  Phillips and Fort Worth Police Officer Stephanie Tabor, who responded to the 9-1-1 call, both described Hernandez's post incident demeanor as shaking and crying.[5]

A jury found Ross guilty of robbery, and the trial court sentenced him to thirty years' confinement.  This appeal followed.

### III.  Fear of Imminent Bodily Injury

In his first issue, Ross claims that there was insufficient evidence to prove that he either intentionally or knowingly threatened or placed Hernandez in fear of imminent bodily injury or death.

### A.  Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable

---

[4]The trial court admitted the CVS surveillance video during Hernandez's testimony and allowed the State to publish it to the jury.

[5]Fort Worth Police Detective Kyle Sullivan testified that when he interviewed Hernandez around an hour after the incident, she was still visibly distraught.

4

inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

In determining the sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

## B. Robbery

The State had to prove beyond a reasonable doubt that Ross, while in the course of committing theft of property and with intent to obtain or maintain control

5

of the property, intentionally or knowingly threatened or placed Maria Hernandez in fear of imminent bodily injury or death. *See* Tex. Penal Code Ann. § 29.02 (West 2011). This statute, written in the disjunctive, covers both a situation in which the defendant actually threatens the victim and a situation in which the defendant implicitly threatens the victim and places the victim in fear. *See Howard v. State*, 333 S.W.3d 137, 138–39 (Tex. Crim. App. 2011); *see also Olivas v. State*, 203 S.W.3d 341, 346 (Tex. Crim. App. 2006) (recognizing that "to threaten" and "to place someone in fear" have two distinct meanings). The court of criminal appeals has further explained that

> [t]he plain language of the statute encompasses not just explicit threats, but whatever implicit threats may lead to the victim being placed in fear. So long as the defendant's actions are "of such nature as in reason and common experience is likely to induce a person to part with his property against his will," any actual or perceived threat of imminent bodily injury will satisfy this element of [robbery].

*Howard*, 333 S.W.3d at 138 (internal citations omitted).

As for the culpable mental state, "[a] person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." Tex. Penal Code Ann. § 6.03(b) (West 2011); *Howard*, 333 S.W.3d at 139 (recognizing that when the jury could have found the appellant guilty for either culpable mental state, "we need only address the less-culpable mental state of knowingly"). Therefore, robbery-by-placing-in-fear requires "that the defendant is aware that his conduct is reasonably certain to place someone in fear, and that someone actually is

6

placed in fear." *Howard*, 333 S.W.3d at 140. That is, any actual or perceived threat of imminent bodily injury will satisfy this element "[s]o long as the defendant's actions are 'of such nature as in reason and common experience is likely to induce a person to part with his property against his will.'" *Id*. at 138 (quoting *Cranford v. State*, 377 S.W.2d 957, 958 (Tex. Crim. App. 1964)).

## C. Analysis

Ross argues that the evidence "[a]t most" shows an attempted theft but is insufficient to show that he intentionally or knowingly threatened Hernandez with imminent bodily injury or death or that he intentionally or knowingly did an act that placed Hernandez in fear of bodily injury or death. He complains that the focus here is not on the victim's subjective fear but on whether he committed an act that he intended or knew would cause Phillips or Hernandez to believe that he was going to hurt or kill them.

The record, as set out above, reflects that Hernandez repeatedly refused to give Ross the money, that Hernandez said that during the encounter she was afraid of imminent injury and felt threatened, and that Hernandez repeatedly tried to have someone call 9-1-1. The trier of fact had the responsibility to weigh this evidence in light of Hernandez's other testimony that Ross never produced a weapon and that she was angry because she had been robbed at gunpoint the week before. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Brown*, 270 S.W.3d at 568. Furthermore, Phillips and Officer Tabor described Hernandez's shaken and tearful demeanor immediately after the robbery, and Detective Sullivan stated

7

that around an hour later, Hernandez was still visibly distraught. Based on the record before us, we conclude that the jury's inference that Hernandez was placed in fear was reasonable based on the cumulative force of all the evidence. *See Hooper*, 214 S.W.3d at 16–17; *see also Burton v. State*, 230 S.W.3d 846, 853 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (concluding that appellant's informing teller that this is a "holdup" and demanding money reasonably placed the teller in fear of bodily injury).

Further, with regard to whether there was sufficient evidence that Ross was aware that his conduct was reasonably certain to place Hernandez in fear, the record reflects that when Ross interacted with Hernandez, he whispered, was wearing sunglasses and a hat, and kept his hands in his pockets. While Hernandez said that she could tell that Ross did not have a weapon in his pockets, this does not negate that Ross had concealed his face behind sunglasses inside the store and concealed his hands in his pockets, actions that the jury could have concluded indicated Ross's awareness that his actions were reasonably certain to put Hernandez in fear that he was trying to hide his identity or a weapon. *See Howard*, 333 S.W.3d at 138 (recognizing that inquiry's focus is on the defendant's conduct). The jury could have chosen to believe Hernandez that Ross told her to give him the money and that he was "not playing" and could have concluded that, based on Ross's demand and his assurance that he was serious, Ross knew with reasonable certainly that his actions would place Hernandez in fear of imminent bodily injury or death. *See id.*; *Hooper*, 214

8

S.W.3d at 16–17. Therefore, viewing all of the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Ross was aware that his conduct was reasonably certain to place Hernandez in fear and that Hernandez was actually placed in fear. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Howard*, 333 S.W.3d at 137–38; *Isassi*, 330 S.W.3d at 638. We overrule Ross's first issue.

## IV. Closing Argument

In his second and third issues, Ross contends the trial court erred by allowing the prosecutor to argue during the State's closing argument that (1) the only issue was whether Hernandez was "in fear," arguing that this was a gross oversimplification of the legal issue and in conflict with the jury charge, and (2) Ross put Hernandez "in fear," arguing that this presented an incorrect statement of law because it failed to include a reference to imminent bodily injury.

The prosecutor began her closing argument by commenting that "[t]he only issue in this case is whether or not Maria Hernandez was in fear. It's not about if he had a weapon. It's not about if he told her he would kill her." After Ross objected and the trial court overruled his objection, the prosecutor explained that Hernandez "thought he could have grabbed her. She thought he could have come over the counter. She was afraid he would perform bodily injury on her." And during the State's rebuttal argument, the prosecutor said, "His intentional acts, his words, his body language, the way he said it, placed her in fear, and he was trying to get the money. That is a robbery." Ross objected and complained

that the full element is "placed her in fear of imminent bodily injury and death, not merely in fear," even though the prosecutor had already clarified moments earlier that the "fear" must be "fear of bodily injury or death." The trial court overruled Ross's objection.

While it is error for the State to present a statement of law that is contrary to that presented in the jury charge, it is not error for the State to quote or paraphrase the jury charge. *Whiting v. State*, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990). Because the prosecutor clarified both times that the fear to which she referred was fear of imminent bodily injury, we cannot say that the State presented a statement of the law that was contrary to the law presented in the jury charge. *See id.* Accordingly, we overrule Ross's second and third issues.

## V. Conclusion

Having overruled each of Ross's issues, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

GABRIEL, J., filed a concurring opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 23, 2012

10



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00163-CR

JOHN PAUL ROSS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

### CONCURRING MEMORANDUM OPINION[1]

----------

A robber can be ineffective at robbery and his victim can be uncooperative to the point of foolish obstinacy but under the appropriate standard of review, a robbery conviction will be, and properly should be, upheld. In this case, Appellant's actions, placed in context with the surrounding circumstances, were sufficient to place a reasonable person in Hernandez's circumstances in fear of imminent bodily injury. A threat need not be explicitly voiced but can be

---

[1]*See* Tex. R. App. P. 47.4.

communicated by a person's actions. *McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984); *Donoho v. State*, 39 S.W.3d 324, 329 (Tex. App.—Fort Worth 2001, pet. ref'd) (op. on reh'g). The critical inquiry is whether the accused acted in such a manner as would, under the circumstances, portend an immediate threat to a person of reasonable sensibility. *See Olivas v. State*, 203 S.W.3d 341, 346 (Tex. Crim. App. 2006).

It has long been held that the party being robbed need not be "scared" to the extent that he is hysterical. *Horn v. State*, 89 Tex. Crim. 220, 222, 230 S.W. 693, 694 (Tex. Crim. App. 1921). If under the circumstances and conditions surrounding the transaction he has a reasonable belief that he may suffer injury unless he does comply with the robber's request, the "fear" required by the law is present. *Id*. "The fear must arise from the conduct of the accused however, rather than the mere temperamental timidity of the victim." *Cranford v. State*, 377 S.W.2d 957, 959 (Tex. Crim. App. 1964). A robber cannot escape conviction simply because his victim is dangerously unyielding.

Here, Appellant was clearly focused on placing Hernandez in fear to obtain property that did not belong to him and Hernandez testified that she was placed in fear. She may have not acted reasonably given the circumstances, but because the test is whether the defendant's actions are "of such nature as in reason and common experience is likely to induce a person to part with his property against his will," because that was a question properly resolved by the jury, and because evidence in the record support's the jury's resolution of that

2

issue, the conviction stands. *See Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2011); *Wilmeth v. State*, 808 S.W.2d 703, 706 (Tex. App.—Tyler 1991, no pet.).

LEE GABRIEL
JUSTICE

DELIVERED: August 23, 2012