

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00459-CR

Willie Smith **WARD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 19th Judicial District Court, McLennan County, Texas
Trial Court No. 2011-2338-C1
Honorable Ralph T. Strother, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: April 9, 2014

AFFIRMED

A jury convicted appellant Willie Smith Ward of robbery and recommended a punishment of fifty years confinement in the Texas Department of Criminal Justice–Institutional Division. The trial court rendered a judgment in accordance with the jury's verdict and recommended punishment. On appeal, Ward raises three issues, contending: (1) the jury charge erroneously omitted the culpable mental state; (2) the evidence is legally insufficient; and (3) the trial court erroneously denied Ward's requested jury instruction on the lesser included offense of theft. We affirm the trial court's judgment.

**BACKGROUND**

The State alleged Ward robbed an H.E.B. store in Waco, Texas. On the night of the robbery, a shopper alerted James Stead II, the store manager, that Ward left the grocery store with a large bulge under his shirt. This led the shopper to believe Ward was leaving the store with secreted items for which he had not paid. Stead followed Ward into the store parking lot to investigate.

When Stead caught up to Ward in the parking lot, he asked him about the bulge under his shirt. Ward stopped, turned his shoulder to look at Stead, and responded he did not have anything. However, Stead could see two slabs of ribs hanging out from under Ward's shirt. Unsatisfied by the response, Stead repeated his question.

Ward responded to Stead's second inquiry with another denial, but one of the slabs of ribs fell from under his shirt onto the ground. Stead picked up the fallen meat and asked Ward to turn over the other items under his shirt. Ward again denied having anything under his shirt. Stead, aware of the extra slab of ribs visibly hanging from Ward's shirt, then told him "[y]ou have something else." This time, Ward responded to Stead's remark by telling Stead he had a knife. Stead immediately backed away from Ward because he was concerned that Ward would harm him.

Stead then warned Ward that "[t]hreatening me is going to get you arrested instead of just a shoplifting ticket." Ward responded by telling Stead that "[i]f you don't leave me alone, man, you're going to find out what I have." Stead then asked a bystander to contact the police, which prompted Ward to run away. Stead did not pursue Ward. The responding police were unable to locate Ward.

Later that evening, Ward was seen reentering the same H.E.B. store and taking a bag of groceries from the end of a checkout stand. Ward fled the store and Stead once again contacted

the police. Using a description provided by Stead, the police were able to locate Ward a few blocks away from the store.

When the police found Ward, he had an H.E.B. grocery bag filled with ribeye steaks. The steaks were labelled with H.E.B. tags showing they were from Stead's store. Ward did not have a receipt for the steaks and gave conflicting stories about how they came into his possession. The police returned Ward to the H.E.B. to see if Stead could identify him as the same man who had stolen the ribs earlier in the evening. Stead identified Ward as the same man who had stolen the ribs.

Ward did not testify or offer any witnesses to counter the events as set out above. After hearing closing arguments, the jury convicted Ward of robbery and recommended he be sentenced to fifty years confinement under enhanced sentencing. The trial court rendered judgment accordingly, and Ward subsequently perfected this appeal.

## ANALYSIS

On appeal, Ward raises three issues, contending: (1) the jury charge was fundamentally defective because it erroneously omitted the applicable mental state element for the offense of robbery; (2) the evidence is legally insufficient to find Ward intentionally or knowingly threatened or placed Stead in fear of imminent bodily injury or death; and (3) the trial court erroneously denied Ward's requested jury instruction on the lesser included offense of theft under $50.00.

### *Jury Charge*

Ward's first contention is that the application portion of the jury charge erroneously omitted the applicable mental state for the offense of robbery. Under section 29.02 of the Texas Penal Code, a "person commits [robbery] if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly

threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02(a)(2). Here, the application portion of the jury charge stated:

1. On or about the 30th day of September, 2011:

2. in McLennan County, Texas;

3. WILLIE SMITH WARD;

4. did then and there, while in the course of committing theft of property and;

5. with intent to obtain or maintain control of said property;

6a. intentionally or knowingly threatened JAMES STEAD, II; or

6b. placed JAMES STEAD, II in fear of imminent bodily injury or death.

Ward contends the charge is fundamentally defective because element "6b" omitted the language of "intentionally or knowingly" and thus allowed a jury to convict him without finding the culpable mental state beyond a reasonable doubt. We agree.

The trial court's jury charge must instruct the jury by distinctly setting forth the law applicable to the case. *See Sanchez v. State*, 182 S.W.3d 34, 60–61 (Tex. App.—San Antonio 2005), *aff'd*, 209 S.W.3d 117 (Tex. Crim. App. 2006); TEX. CODE CRIM. PROC. ANN. art. 36.14. To do so, the charge must set out all the essential elements of the offense. *Sanchez*, 182 S.W.3d at 61 (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)). Accordingly, a jury charge is fundamentally defective if it authorizes a conviction without requiring the jury to find all of the elements of the offense charged. *See Sanchez*, 182 S.W.3d at 61.

Here, the wording of the trial court's jury charge omitted the mental state required for robbery under section 29.02 from element "6b." The separation of element "6" in the charge into subsections "a" and "b" erroneously removed the required mental state that Ward intentionally or knowingly placed Stead in fear of imminent bodily injury or death to facilitate his theft and thus committed robbery.

The State counters that recent decisions in the Texas Court of Criminal Appeal support the notion that the jury charge was properly worded to set out the elements of robbery under section 29.02. Specifically, the Court of Criminal Appeals has recently held that:

> Robbery-by-placing-in-fear does not require that a defendant know that he actually places someone in fear, or know whom he actually places in fear. Rather it requires that the defendant is aware that his conduct is reasonably certain to place someone in fear, and that someone actually is placed in fear.

*Boston v. State*, 410 S.W.3d 321, 325 (Tex. Crim. App. 2013) (quoting *Howard v. State*, 333 S.W.3d 137, 140 (Tex. Crim. App. 2011)). The State's argument based on the above language is misplaced. The *Boston* and *Howard* decisions do not support the notion that robbery-by-placing-in-fear does not require a culpable mental state as worded in the trial court's jury charge. Rather than doing away with the culpable mental state of "knowingly or intentionally," the Court of Criminal Appeals was *interpreting* the still–required mental state. *See Howard*, 333 S.W.3d at 139–40 (interpreting how Penal Code's definition of "knowingly" applies to robbery in section 29.02). Accordingly, we reject the State's argument that the jury charge was proper and now proceed to determine whether the charge error entitled Ward to a reversal.

Ward concedes he did not object to the charge error at trial. However, charge error is never forfeitable by a defendant's failure to object at trial. *Cosio v. State*, 353 S.W.3d 766, 776–77 (Tex. Crim. App. 2011); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g), *superseded on other grounds by rule as stated in Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988). When a defendant fails to object to alleged charge error, it is reviewed for egregious harm under *Almanza*. *See Cosio*, 353 S.W.3d at 777. Egregious harm is determined by finding the charge error actually, rather than theoretically, harmed the defendant by: (1) affecting the very basis of the case, (2) depriving the defendant of a valuable right, or (3) vitally affecting a defensive theory. *Id*. When assessing actual egregious harm based on the specific facts

of a case, we consider: (1) the charge; (2) state of the evidence, including contested issues and the weight of the probative evidence; (3) the parties' arguments; and (4) all other relevant information in the record. *Id.*

We begin our harm analysis by looking at the charge as a whole. Although the application portion improperly omitted a portion of the required mental state for the offense, the abstract, definitional portion of the jury charge properly instructed the jury with regard to all of the requirements of section 29.02:

> Our law provides that a person commits the offense of "Robbery" if in the course of committing theft, as that term is hereinafter defined, and with intent to obtain and maintain control of property of another, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Accordingly, the charge, when viewed in its entirety, properly sets out the required culpable mental state for the offense. Although not dispositive of our harm analysis, the inclusion of the missing mental state elsewhere in the charge mitigates the harm that might have been done by its absence from the application portion of the charge.

In addition to the charge itself, we consider the evidence, the arguments made by the parties, and any other relevant information in the record. *See id.* It is uncontested that Ward stole the ribs and then told Stead he had a knife when Stead confronted him. Further, the State extensively argued Ward knowingly threatened Stead in the parking lot in an effort to complete the theft. Given the evidence and the arguments made by the State, it is at least equally likely the jury convicted Ward under the properly presented element "6a" in the jury charge as it is under the improperly presented element "6b" lacking the requisite culpable mental state.

Having reviewed the record under the Cosio factors, we hold Ward was not egregiously harmed by the error in the charge. The entirety of the charge, evidence presented, and arguments

by the parties make it unlikely Ward was actually harmed by the charge error complained of. *See Cosio*, 353 S.W.3d at 777. Therefore, we overrule Ward's first issue.

### *Legal Sufficiency*

In his second issue, Ward contends there is legally insufficient evidence to find beyond a reasonable doubt that he intentionally or knowingly threatened or placed Stead in fear of imminent bodily injury or death as required for the offense of robbery under section 29.02. We disagree.

We apply the Supreme Court's legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), when reviewing the sufficiency of the evidence in a criminal case. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. at 319). In the event the record supports conflicting inferences, we presume the factfinder resolved any conflicts in favor of the verdict and defer to that determination. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *see Jackson*, 443 U.S. at 318. This court may not re-evaluate the weight and credibility of the evidence nor may we substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

As previously discussed, Ward was convicted for the offense of robbery as defined in Texas Penal Code section 29.02. Under section 29.02, a person commits robbery if, in the course of committing theft, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a)(2). The plain language of the statute encompasses explicit and implicit threats that may lead to the victim being placed in fear. *Howard*, 333 S.W.3d at 138. Essentially, "[s]o long as the defendant's actions are 'of such nature as in reason and common experience is likely to induce a person to part with his property against his

- 7 -

will,' any actual or perceived threat of imminent bodily injury" satisfies the threat element of section 29.02. *Id.* (quoting *Cranford v. State*, 377 S.W.2d 957, 958 (Tex. Crim. App. 1964). Further, the place-in-fear element of section 29.02 only requires that the defendant is aware that his conduct is reasonably certain to place someone in fear, and that someone is actually placed in fear. *Howard*, 333 S.W.3d at 140.

Here, there was sufficient evidence for the jury to reasonably find Ward both knowingly threatened Stead and placed him in fear of imminent bodily injury or death during the course of the theft. It is undisputed that Ward told Stead he had a knife and stated, "[i]f you don't leave me alone, man, you're going to find out what I have." These statements, although made at different points in time during Ward's confrontation with Stead, each constitute an imminent threat to Stead's safety and were designed to allow Ward to maintain control of the stolen property. *See* TEX. PENAL CODE ANN. § 29.02(a)(2). Having a thief who is caught red-handed tell a victim he has a knife and will display it if necessary, is sufficient to induce a person to part with his or her property. *See Howard*, 333 S.W.3d at 138.

Additionally, Stead's uncontroverted testimony establishes that Ward's threats achieved the desired effect of having Stead give up on recovering the stolen ribs from Ward because he was in fear of imminent physical harm. After being told by Ward that he had a knife, Stead backed away from him because, as Stead testified, he was afraid Ward would harm him. After Ward's second threat of "you're going to find out what I have," Stead decided to contact the police because "a slab of ribs isn't worth any – any more effort or physical harm to myself."

Ward contends the evidence is insufficient because any threats made to Stead were not imminent, and any fear he felt was merely his "temperamental timidity." Admittedly, a threat of future harm is insufficient to constitute a threat of imminent bodily injury under section 29.02. *See Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989). However, in this case, unlike the

situation in addressed in *Devine*, Ward's threats to Stead were imminent. Ward did not tell Stead he would go get a knife; rather, he told Stead in the present tense that he had a knife. Further, Stead's fear, as evidenced by his testimony and reactions — stepping away from Ward and contacting the police — was clearly the result of Ward's words and conduct instead of "mere temperamental timidity." *See id*; *Cranford v. State*, 377 S.W.2d 957, 959 (Tex. Crim. App. 1964) ("The fear must arise from the conduct of the accused however, rather than the mere temperamental timidity of the victim."). Accordingly, we reject Ward's reliance on *Devine*.

Given Stead's uncontroverted testimony, we hold there is legally sufficient evidence to find Ward intentionally or knowingly threatened or placed Stead in fear of imminent bodily injury or death while stealing from the grocery store in question. *See* TEX. PENAL CODE ANN. § 29.02(a)(2). Accordingly, we overrule this issue.

### *Lesser Included Offense*

In his final appellate issue, Ward contends the trial court erred by denying his requested instruction on the lesser included offense of theft under $50.00. Again, we disagree.

Determining whether a defendant is entitled to a lesser included offense requires us to perform a two-step analysis. *See Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). Under *Hall*, a defendant is entitled to a charge on a lesser-included offense if: (1) the requested offense is a lesser-included offense of the alleged offense, and (2) there is some evidence at trial to support such an instruction. *See De Vaughn v. State*, 239 S.W.3d 351, 355 (Tex. App.—San Antonio 2007, pet. ref'd); *Hall*, 225 S.W.3d at 535–36. The first step is a question of law, and the second step asks the court to determine whether "there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." *Hall*, 225 S.W.3d at 536 (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App.

1994)). In the second step of the analysis, anything more than a scintilla of evidence is sufficient to show a defendant is entitled to a lesser charge. *Hall*, 225 S.W.3d at 536.

Ward contends he is entitled to the lesser included offense of theft under $50.00, which is contained in Chapter 31 of the Texas Penal Code, because Stead testified the value of the stolen ribs was under $50.00. *See* TEX. PENAL CODE ANN. § 31.03(e)(1)(A). Ward's claim satisfies step one of the lesser included offense analysis because theft under $50.00 is a statutorily accepted lesser included offense of robbery. *See id.* § 29.02(a) ("A person commits an offense if, in the course of committing theft as defined in Chapter 31 [of the Penal Code]…"). However, we hold Ward does not meet the second step under *Hall*.

There is simply not even a scintilla of evidence to find that if Ward is guilty of a crime, it is only of the lesser included offense of theft under $50.00. *See Hall*, 225 S.W.3d at 536. As discussed above, Stead's *uncontroverted* testimony established Ward committed robbery as defined in section 29.02 of the Penal Code. *See* TEX. PENAL CODE ANN. § 29.02(a)(2). Ward did not simply steal ribs, he threatened Stead during the course of the theft, elevating the offense to robbery. Accordingly, we hold Ward was not entitled to an instruction on the lesser included offense of theft under $50.00, and therefore overrule his third issue. *See De Vaughn*, 239 S.W.3d at 355.

### CONCLUSION

Based on the foregoing, we overrule Ward's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish