

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00391-CR

ABEL CERVANTES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2014-401,087, Honorable Bradley S. Underwood, Presiding

June 9, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Abel Cervantes, appeals the trial court's judgment by which he was convicted of robbery and sentenced to eight years' imprisonment.[1] On appeal, he challenges the sufficiency of two aspects of the evidence to support said conviction. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 29.02(a)(2) (West 2011).

Factual and Procedural History

On December 9, 2013, Brandon Sherman was working as an asset protection associate (APA) at Walmart on Marsha Sharp Freeway in Lubbock, Texas. In the course of his duties that day, he noticed a man, who was later identified as appellant, dressed in a gray hooded jacket and dark pants and who seemed to Sherman to be acting in a suspicious manner. Through use of the store's security camera system, Sherman was able to follow appellant's movements throughout the store and saw him hide some undergarments in his jacket and pants. Sherman alerted fellow APA Kyle Lininger to the developments, and Lininger waited outside near the doors for appellant to pass the final point of sale to confront appellant about the stolen items.

As appellant left through the doors of the store, Lininger approached appellant, introduced himself by name and title, and asked appellant to come back into the store to discuss the items appellant had taken. Appellant impliedly declined and, instead, attempted to walk around Lininger. By that time, Sherman, one other APA, and the asset protection manager had also arrived in the vicinity and became involved in the encounter with appellant. When Lininger put his hands on appellant to "redirect" him back toward the store and Sherman came from behind him and grabbed his jacket, appellant began to struggle.

A physical struggle—described by Lininger as "wrestling"—between the members of the store's asset protection staff and appellant then ensued during which appellant slipped out of his jacket. Lininger testified that, while one of the APAs still had hold of appellant's arm, appellant announced, "I've got a gun. I'll shoot you." He also

2

moved his right hand toward the waistband of his pants in a manner the APAs considered consistent with reaching for a gun, but which appellant characterized as an attempt to pull up his sagging pants. At that point, all APAs immediately disengaged with appellant and retreated. Appellant ran into the parking lot, and the staff called the police.

With help from the public and following an investigation, appellant was identified as the alleged robber. He was charged with robbery by threat, convicted of said charges by a Lubbock County jury, and sentenced to eight years' imprisonment.

On appeal from that conviction, appellant challenges the sufficiency of the evidence to support the judgment. Appellant advances two arguments in his sufficiency challenge. First, he contends that "[t]he [APAs'] action in defense of another's property was unreasonable because the owner of the property had given the [APAs] explicit orders to not engage in violent confrontations with theft suspects which placed the [APAs'] actions outside their express authority as agents of [Walmart]." In the second part of his sufficiency challenge, appellant maintains that appellant's threat could not have "reasonably put the [APAs] in imminent fear of harm because of their numerical and physical superiority." We will address appellant's contentions in turn.

Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*,

3

323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

## Reasonableness of APAs' Actions

In the first portion of his argument regarding sufficiency, appellant maintains that, because the APAs' use of force against him was unreasonable and/or unauthorized by Walmart's loss prevention policy, he was justified in using force against them when they attempted to detain him and redirect him into the store. Appellant attempts to couch his contention in this regard in terms of the nature of the offense of robbery: "[T]his Court should not look at this case in terms of [appellant] making a threat while trying to commit a theft, but [appellant] making a threat to three men attacking him without proper justification under the law." However, the nature of his contention is, at its core, a self-

4

defense argument[2] that he was justified in using force against the APAs, and, therefore, his contention lies outside the purview of a sufficiency of the evidence contention when self-defense was not raised at trial. *See Pruiett v. State*, No. 05-12-00131-CR, 2013 Tex. App. LEXIS 1802, at *5–6 (Tex. App.—Dallas Feb. 25, 2013, pet. ref'd) (mem. op., not designated for publication) (concluding that the appellant waived self-defense claim and, therefore, declining to address his complaint that evidence was insufficient under a hypothetically correct jury charge which included self-defense instruction).

In support of his contention that the APAs used force in an attempt to detain appellant that exceeded the force permitted by Walmart's internal policy regarding loss prevention, appellant cites Section 9.43 of the Texas Penal Code governing a person's right to use force to protect a third party's property. *See* TEX. PENAL CODE ANN. § 9.43 (West 2011). However, it is important to note that Section 9.43 outlines the circumstances under which the questioned conduct—which would otherwise be a criminal offense—is justified; the criminality of the APAs' conduct was simply not the issue at trial. Whether the APAs' use of force was assaultive or justified was not the question being addressed here, and their use of force to protect a third party's property was not the offense being tried. Section 9.43 has no application here.

Nor did appellant raise self-defense in an effort to put the reasonableness of *his* actions in relationship to the APAs' actions against appellant at issue. His failure to

---

[2] To illustrate, appellant contends that "a man's right to defend himself should trump the third-party protectors['] wrongful application of the principal's right to protect its property." We add that "a robber has no right of self-defense against his victim. This is especially true when the victim is justified in acting to recover his property, prevent the offense or save another person." *Westley v. State*, 754 S.W.2d 224, 230 (Tex. Crim. App. 1988) (en banc) (characterizing as "ludicrous" the invitation to consider victim's justified actions as provocation for appellant's illegal act).

raise self-defense as a justification for his threat results in a forfeiture of his claim of self-defense. The Texas Court of Criminal Appeals has held that defensive issues are not "law applicable to the case" under Texas Code of Criminal Procedure Article 36.14 unless and until the defendant raises the issue by a timely objection or request. *See Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998) (en banc) (citing TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007)). That being so, because self-defense is not the "law of the case" here, the trial court had no duty to instruct the jury *sua sponte* regarding such an issue, and the failure to instruct cannot be regarded as fundamental error under *Almanza* analysis. *See id.* at 60–62 (referring to *Almanza v. State*, 686 S.W.2d 157, 171–74 (Tex. Crim. App. 1985) (en banc)). Self-defense was not raised at trial and is not an issue before us. And recasting the issue and switching perspectives in an attempt to examine the justifiability of the APAs' conduct in protection of a third party's property does not alter that conclusion. We overrule this sufficiency/justification issue.

## Fear of Imminent Bodily Injury or Death

One manner in which a person may commit the offense of robbery is when, in the course of committing the offense of theft of property and with intent to obtain or maintain control of the property, he or she "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." *See* TEX. PENAL CODE ANN. § 29.02(a)(2). The plain language of Section 29.02(a)(2) encompasses not only explicit threats, but also whatever implicit threats may lead to the victim being placed in fear. *Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2011) (citing *Olivas v. State*, 203 S.W.3d 341, 345–46 (Tex. Crim. App. 2006)). "So long as the defendant's actions are 'of such

6

nature as in reason and common experience is likely to induce a person to part with his property against his will,' any actual or perceived threat of imminent bodily injury will satisfy this element of the offense." *Id.* (quoting *Cranford v. State*, 377 S.W.2d 957, 958 (Tex. Crim. App. 1964)).

Lininger, the named complainant, testified that, when appellant announced that he had a gun and would shoot, Lininger was scared that he was going to get shot and believed he was in immediate danger of bodily injury or death. Lininger and the other APAs also testified that, as appellant announced that he had a gun and expressed his intent to shoot them, he made a motion with his right hand toward the waistband of his pants. The verbal threat and that gesture caused the APAs to immediately disengage with appellant and retreat from his presence.

Appellant points out that one of the APAs who was nearby and attempting to summon police on her phone did not react in the same manner, and neither did other passersby, suggesting that the APAs who were physically engaged with appellant fabricated the threat of a gun to justify having permitted appellant to get away from them. Appellant also contends that the APAs had both physical and numerical advantages over him such that it was not reasonable for Lininger to be placed in fear by such a statement at any rate. However, common experience dictates that the announcement of the presence of a gun dramatically shifted the playing field in appellant's favor and transformed what seemed to be a wrestling scuffle into a far different matter. *See Wawrykow v. State*, 866 S.W.2d 96, 99 (Tex. App.—Beaumont 1993, no pet.) (observing that "juries are free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life

7

when giving effect to the inferences that may reasonably be drawn from the evidence"). Any physical or numerical advantages the APAs might have had—assuming *arguendo* that such advantages would bear on the reasonableness of Lininger's *individual* fear of imminent bodily injury or death—suddenly disappeared when appellant threatened to shoot them. As a sister court has noted, "[a]n escaping thief's announcement that he has a pistol is enough to inspire fear in the boldest citizen." *See Johnson v. State*, No. 12-07-00259-CR, 2008 Tex. App. LEXIS 3960, at *17 (Tex. App.—Tyler May 30, 2008, no pet.) (mem. op., not designated for publication).

The jury had before it the testimony of the APAs, the 911 calls from two of the APAs immediately after the event in which the APAs reported the gun threat, and the video of the encounter from which the jury could assess the APAs' retreat as either consistent or inconsistent with the threat having been issued. Based on the evidence before it, a rational jury could have found beyond a reasonable doubt that Lininger was reasonably placed in fear of imminent bodily injury as a result of appellant's announcement that he had a gun, his threat to shoot the APAs, and his motion consistent with reaching for a gun. *See Brooks*, 323 S.W.3d at 912. We overrule appellant's point of error challenging the sufficiency of the evidence.

Conclusion

Having overruled appellant's point of error, we affirm the trial court's judgment of conviction. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.

8