

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0521-10

### CHRISTOPHER LYNN HOWARD, Appellant

### v.

### THE STATE OF TEXAS

### ON DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### GREGG  COUNTY

Womack, J., delivered the opinion for a unanimous Court.

Wielding a rifle and concealing his face with white fabric, the appellant entered a

Longview convenience store shortly before 10:00 p.m. on October 7, 2008. The store's part-

owner and on-duty cashier, Mukesh Patolia, was alone in the store and had gone to an office in

the back. After observing the appellant on his security-camera monitor and through a one-way

window, Patolia locked the office door and dialed 911. There is no evidence in the record

showing that the appellant was aware of Patolia. The appellant was unable to open the cash

register, but took Patolia's wallet from the counter and some money from beneath. The appellant

1

drove away and evaded capture that night, but was arrested a few days later. A jury convicted the appellant of aggravated robbery and sentenced him to life in prison. The Sixth Court of Appeals affirmed the conviction.[1]

We granted review on the appellant's sole issue: "Does the offense of aggravated robbery require interaction between the accused and the purported victim?" The appellant asserts that because there was no evidence of interaction between him and Patolia, the evidence was legally insufficient[2] to support a robbery conviction, and the conviction should be reformed to that of theft.[3] This is a novel issue, on which neither we nor the parties have found controlling caselaw interpreting our current robbery statute.

The section of the robbery statute under which the appellant was charged states, in relevant part, "a person commits [robbery] if, in the course of committing theft...and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens *or* places another in fear of imminent bodily injury or death."[4]

The plain language of the statute encompasses not just explicit threats, but whatever implicit threats may lead to the victim being placed in fear.[5] So long as the defendant's actions

---

[1] *Howard v. State*, 306 S.W.3d 407 (Tex. App.–Texarkana 2010).

[2] The appellant also argues that the evidence was factually insufficient, but since the appellant's brief was submitted we have abolished factual-sufficiency review. *See Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Cr. App. 2010) (plurality op.); *id*., at 926 (Cochran, J., concurring).

[3] The appellant does not contest the aggravating element charged in the indictment, use or exhibition of a deadly weapon. *See* TEX. PENAL CODE § 29.03(a)(2).

[4] TEX. PENAL CODE § 29.02 (emphasis added).

[5] *See Olivas v. State*, 203 S.W.3d 341, 345-46 (Tex. Cr. App. 2006) (interpreting, without deciding, the definition of "threaten" for purposes of the Texas assault statute, and observing of the robbery statute, "By defining robbery to be theft plus *either* threatening *or* placing another in fear, this statute demonstrates that the term 'threaten' means something other than placing a person 'in fear of imminent bodily injury or death.'" (emphasis in original)).

are "of such nature as in reason and common experience is likely to induce a person to part with his property against his will,"[6] any actual or perceived threat of imminent bodily injury will satisfy this element of the offense.

The relevant part of the Texas statute is similar to Model Penal Code § 222.1(a)(2).[7] The comment to the Model Penal Code notes the importance of the disjunctive:

> [This section] uses the language "threatens another with...immediate serious bodily injury" to include verbal or other express offers of serious harm. Alternatively, [this section] applies to one who "purposely puts him in fear of immediate serious bodily injury," by which is meant to be included menacing or other implied threat sought to be communicated to the victim by the actor's conduct. This latter language would thus apply to cases where the actor brandishes a weapon or otherwise displays the ability and the intention to use force if his wishes are not honored. The intent of the subsection is thus to reach all forms of express or implied threat immediately to inflict serious bodily injury.[8]

The comment then notes that some statutes do not have a subsection equivalent to the Model Penal Code's "puts ... in fear" or Texas's "places in fear," but only use the word "threaten."[9] These statutes "seem adequate, so long as the term 'threaten' is broadly interpreted to apply to implicit as well as explicit threats."[10]

In *Rayford v. State*,[11] we interpreted the previous robbery statute to include situations in

---

[6] *Cranford v. State*, 377 S.W.2d 957, 958 (Tex. Cr. App. 1964) ("The fear must arise from the conduct of the accused however, rather than the mere temperamental timidity of the victim."). Although *Cranford* was decided under a former robbery statute, this limitation has been applied to § 29.02(a)(2). *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Cr. App. 1989) (citing *Green v. State*, 567 S.W.2d 211 (Tex. Cr. App. 1978)).

[7] "A person is guilty of robbery if, in the course of committing a theft, he threatens another with or purposely puts him in fear of immediate serious bodily injury."

[8] MODEL PENAL CODE § 222.1, Commentaries, vol. 2, at 109.

[9] *See, e.g.,* N.Y. PENAL LAW § 160.00.

[10] MODEL PENAL CODE § 222.1, Commentaries, vol. 2, at 109-110.

[11] 423 S.W.2d 300 (Tex. Cr. App. 1968).

which there was no physical interaction. The victim of the robbery, Mrs. Salverino, was inside a store when she saw her husband get shot as he was opening his car door immediately outside the store, but she did not see the shooter. Mrs. Salverino ran outside, put her purse on the car seat, and held her husband as he died. At some point, unnoticed to Mrs. Salverino, the purse went missing. According to Rayford, an accomplice shot Mr. Salverino and took the purse.

The robbery statute in effect at the time allowed for conviction if a theft was committed "by putting in fear of life or bodily injury."[12] Even though there was no physical interaction between Mrs. Salverino and the robbers, we "[found] no merit in appellant's contention that Mrs. Salverino was not put in fear of her life or bodily injury."[13]

Two dissenting judges argued that no robbery occurred. To elevate a theft to a robbery "'there must exist the actual or threatened violence to the person antecedent to the robbery'... but there is not a scintilla of evidence that there was any actual or threatened violence to [Mrs. Salverino]."[14] Had the statute been limited to situations where the defendant actually threatened the victim, the dissenters would have been correct. However, because the statute, like our current statute, broadly included situations where the defendant placed the victim in fear of bodily injury, the evidence was sufficient to support a robbery conviction.

The appellant contests that he could not *intentionally* or *knowingly* place in fear "a person whose presence or even existence [was] unknown" to him. Because the jury could have found the appellant guilty for either of these culpable mental states, we need only address the less-culpable

---

[12] TEX. PENAL CODE art. 1408 (1925) (repealed 1974).

[13] Mrs. Salverino testified that she was afraid at the time.

[14] *Rayford*, 423 S.W.2d at 308 (Morrison, J., dissenting) (quoting *Polk v. State*, 246 S.W.2d 879 (Tex. Cr. App. 1952)).

mental state of knowingly.

"Knowingly" is a term of art with a legislatively prescribed definition in the Penal Code: "A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."[15] Thus the mental state "knowingly" does not refer to the defendant's knowledge of the actual results of his actions, but knowledge of what results his actions are reasonably certain to cause.

Using this definition, robbery-by-placing-in-fear does not require that a defendant know that he actually places someone in fear, or know whom he actually places in fear. Rather, it requires that the defendant is aware that his conduct is reasonably certain to place someone in fear, and that someone actually is placed in fear.

The evidence in this case included a video of the appellant, his face concealed, entering a convenience store late at night during business hours and aggressively brandishing a rifle. A rational juror could have inferred from this evidence that the appellant was aware it was reasonably certain that his actions would place someone in fear of imminent bodily injury or death. The fact that the appellant did not see Patolia – who testified that he was frightened by the appellant – does not negate the appellant's culpable mental state when he entered the store as he did and committed theft.

The evidence is sufficient to support the jury's verdict, and we affirm the decision of the Court of Appeals.

Delivered March 9, 2011.
Publish.

---

[15] TEX. PENAL CODE § 6.03(b); *see* TEX. GOV'T CODE § 311.011(b) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.")