**Affirmed and Memorandum Opinion filed July 16, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00325-CR

---

### KENNETH JOEL LOFTIS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10CR1834**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Kenneth Joel Loftis, contends the evidence is legally insufficient to support his conviction of tampering with physical evidence. We affirm.

### I. BACKGROUND

In June 2010, appellant and his girlfriend ("the decedent") were in their apartment bedroom when they began arguing about missing cash. It is undisputed the couple had a history of arguments that had led to physical altercations.

Appellant kept a loaded handgun on his nightstand for protection. During the argument, he decided to remove the gun. Appellant placed the gun in his front pants pocket and intended to take it to a neighbor's apartment. However, the decedent said she would put away the gun and reached into appellant's pocket. While they struggled for possession of the gun, it accidentally discharged, shooting the decedent. Appellant carried the decedent to the living room and was still holding the gun. He ran outside and approached a truck in which his brother and a friend named "Marcus" were sitting. Appellant testified he tossed the gun inside the truck, saying, "Get it away from me," and asking for help; an officer testified appellant stated he told Marcus to leave with the gun. Marcus left the scene with the gun. According to appellant, he was in shock and simply wanted to get the gun away from him, not conceal it from police.

Appellant returned to the decedent and called 9-1-1, informing the operator he had shot his girlfriend. Officers and paramedics arrived at the scene. Officers testified appellant was extremely upset, told them he had shot the decedent, and asked several times about her condition. Officers asked appellant where the gun was, and he responded a friend took it away from the scene. Appellant then told his mother to ask Marcus to return with the gun. Marcus returned and gave officers the gun.

The decedent ultimately died from the gunshot wound. Appellant was charged with murder and tampering with physical evidence. The jury acquitted appellant of murder but convicted him of tampering with physical evidence and assessed punishment at eight years' confinement, probated.

## II. SUFFICIENCY OF THE EVIDENCE

In his sole issue, appellant argues the evidence is legally and factually insufficient to support his conviction of tampering with physical evidence.

## A. Standard of Review and Relevant Law

Appellant argues the evidence is legally and factually insufficient to support the verdict. However, the Court of Criminal Appeals has abolished factual-sufficiency review. *See Howard v. State*, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011); *Young v. State*, 358 S.W.3d 790, 805 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Thus, we consider only appellant's challenge to the legal sufficiency of the evidence. *Lane v. State*, 357 S.W.3d 770, 773 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

When reviewing legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* This standard applies equally to both circumstantial and direct evidence. *Id.*

As charged in the indictment, tampering with physical evidence means appellant, knowing an investigation into the decedent's shooting was pending, concealed a handgun with intent to impair its availability as evidence in the investigation. *See* Tex. Penal Code Ann. § 37.09(a)(1) (West Supp. 2012).

## B. Analysis

According to appellant, the following facts negate a finding that he intended to impair the gun's availability to officers:

- Appellant testified that, before the shooting, he had already planned to remove the gun from the apartment because he knew it was dangerous for the gun to be nearby during his altercation with the decedent. After the shooting, he simply continued his plan by placing the gun in Marcus's truck.
- Appellant was in a state of shock and confusion and was scared of the gun. When he placed the gun in the truck, he said, "Get [the gun] away from me," meaning he did not want to be near the gun, not that it should be hidden from officers.
- Appellant asked others to help the decedent, called 9-1-1, and cooperated with officers.
- At the crime scene, appellant told officers he had shot the decedent. Further, when officers asked appellant where the gun was, he immediately informed them Marcus had it. Appellant then told his mother to call Marcus and ask him to return with the gun.

Appellant also argues the jury obviously credited his account of the incident because they acquitted him of murder.

The jury was free to believe or disbelieve any portion of appellant's testimony. *See Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998) ("[A] jury is permitted to believe or disbelieve any part of a witness' testimony, including a defendant."). Thus, the jury could have believed appellant's testimony that he did not intend to kill the decedent but disbelieved his testimony that he did not intend to hide the gun.

Appellant admitted that, after bringing the decedent into the living room following the shooting, he ran outside yelling for help, threw the gun into Marcus's truck, and said, "Get it away from me." According to an officer, when she asked appellant where the gun was, he responded the gun was no longer at the scene

because he had given it to a friend and "told him to leave." During his videotaped police interrogation, appellant stated he threw the gun in Marcus's truck and said "ya'll do something with the gun."

Based on these facts, the jury could have found appellant intended to conceal the handgun with intent to impair its availability as evidence in the investigation. The jury could have reasonably believed that, had appellant intended only to rid himself of the gun, he would have thrown it outside and not taken time to place it in the truck and tell Marcus to leave. The jury also could have reasonably believed that, in a panicked state immediately following the shooting, appellant not only wanted to help the decedent but desired to avoid culpability for the shooting by having the gun concealed. The fact appellant told officers where the gun was does not necessarily negate a finding that he initially intended to conceal the gun. Accordingly, we overrule appellant's sole issue.[1]

We affirm the trial court's judgment.

/s/     John Donovan
Justice

Panel consists of Justices Frost, Christopher, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant also contends a compromise verdict likely occurred because the jury twice informed the trial court that they were deadlocked on the tampering-with-physical-evidence charge but were nonetheless instructed by the trial court to continue deliberating. However, trial courts frequently instruct undecided juries to continue deliberating, and appellant expressly stated he had no objection to the trial court's instructions to the jury. We reject appellant's contention.