

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00032-CR

**ERIC A. RUSSELL,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F44865

## MEMORANDUM OPINION

Eric Alan Russell was convicted of robbery and sentenced to 20 years in prison. TEX. PENAL CODE ANN. § 29.02 (West 2011). Because we find the evidence sufficient to support the verdict, we affirm the trial court's judgment.

Priya Patel, the general manager of the Days Inn, arrived at work at 7:00 a.m. At about 8:00 a.m., a man, Russell, came to the front desk and demanded money, saying "Give me all your money. This is a robbery." Patel was shocked and said, "Excuse me?" Russell repeated his demand. She gave him the cash drawer and he took $424.

He then demanded that she give him her keys to her vehicle. When she said she did not have a car, that she walked to work, Russell left, heading toward a hotel next door. Patel had a customer in the lobby call the neighboring hotel while Patel called 911. Police caught up with Russell at the Best Western hotel and arrested him. He was identified by Patel as the person who robbed her.

In one issue on appeal, Russell contends the evidence was insufficient to support his conviction.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting

inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A person commits robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another or intentionally threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code Ann. § 29.02 (West 2011). Russell argues that the evidence is insufficient to prove that he threatened or placed Priya Patel in fear of imminent bodily injury or death.

The Texas Court of Criminal Appeals has interpreted the robbery statute, noting that:

> The plain language of the statute encompasses not just explicit threats, but whatever implicit threats may lead to the victim being placed in fear. So long as the defendant's actions are of such nature as in reason and common experience is likely to induce a person to part with his property against his will, any actual or perceived threat of imminent bodily injury will satisfy this element of the offense.

*Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2010). In other words, is it not a specific element of the offense of robbery that the actor has a confrontation or physical altercation with another person. *Howard v. State*, 306 S.W.3d 407, 410 (Tex. App.—Texarkana 2010), *aff'd*, 333 S.W.3d 137. "Under the 'placed in fear' language of section 29.02, the fact-finder may conclude that an individual was 'placed in fear' in circumstances where no actual threats are conveyed." *Id.*

At trial, Patel testified that when Russell said "Give me all your money. This is a robbery," she was shocked. She was scared because she could not see one of his hands and he had a backpack that she did not know what was in it. Patel feared that Russell might hurt her. There was a considerable size difference between Patel and Russell, and Patel thought Russell could have hurt her if he wanted to. Patel was afraid that he might hurt her if she did not comply with his demand. She was in fear of both bodily injury and death.

Patel did not think Russell was joking. Russell was stern in his command; he was not smiling. She became more scared when a customer, who had been in the lobby at the time of the robbery, left. Patel assumed that the customer's departure meant that Russell had something in his hand. Although her written statement does not indicate that she was scared, Patel testified that she told police that she was scared. And although she may not have sounded extremely upset on the 911 recording, Patel stated

she started crying after she described the incident to her husband over the telephone and it finally registered with her what had happened.

After reviewing all the evidence in the light most favorable to the verdict and in light of the *Howard* opinion, a rational fact finder could have found that Russell placed Patel in fear of imminent bodily injury or death. Accordingly, the evidence is sufficient to support Russell's conviction, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 29, 2014
Do not publish
[CR25]