**AFFIRM; and Opinion Filed April 7, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00817-CR

**VERNON ALLEN HULME, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81996-2014**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Myers
Opinion by Justice Francis

Victor Allen Hulme appeals his conviction following a bench trial for four counts of indecency with a child younger than 17 years of age. After finding appellant guilty, the trial court assessed punishment at six years in prison on each count. In five issues, appellant claims the evidence is insufficient to support the trial court's judgment, the trial court erred by allowing certain evidence, and the cumulative effect of the errors at trial requires reversal. We affirm.

In his third and fourth issues, appellant claims the evidence is insufficient to support his convictions. When assessing a challenge to the legal sufficiency of the evidence, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Howard v. State*, 333 S.W.3d 137, 138 fn.2 (Tex. Crim. App. 2011). It is "the responsibility of the trier of fact to fairly resolve conflicts in

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 318–19; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits an offense if, with a child younger than 17 years of age and not his spouse, he engages in sexual contact with the child. TEX. PENAL CODE ANN. § 21.11(a)(1).[1] Sexual contact means any touching of any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. *Id*. § 21.01(2).[2] Whether the person possessed the requisite intent to commit an offense is most often proven through circumstantial evidence surrounding the crime. *Sholars v. State*, 312 S.W.3d 694, 703 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). The factfinder may infer the requisite intent from the acts, words, and conduct of the accused. *See Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).

When M.R. testified at trial, she was thirty-three years old. In 1986, M.R. was five years old; appellant moved in with her family in Fort Worth, and the abuse began about the same time. Appellant's morning routine included going into the children's bedrooms to wake them for school. On numerous occasions when he went in M.R.'s bedroom, he took her hand, placed it on his penis, and used her hand "to masturbate himself." The "first couple of times," M.R. woke up; after that she "pretended [she] was sleeping because [she] couldn't face what was happening."

M.R. described a family trip to California when she was five years old. Because she was not feeling well, her mother and brother went swimming while she stayed in the room with appellant. M.R. was lying in bed in her pajamas when appellant got on top of her, kissed her,

---

[1] The offenses occurred in 1991, and all references are to the penal code in effect at that time. *See* Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1,1973 Tex. Gen. Laws 883, 918, *amended by* Act of May 12, 1981, 67th Leg., R.S. ch. 202, § 3, 1981 Tex. Gen. Laws 471, 472 (current version at TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011)).

[2] Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 915, *amended by* Act of May 4, 1979, 66th Leg., R.S., ch. 168, § 1, 1979 Tex. Gen. Laws 373, 373 (current version at TEX. PENAL CODE ANN. § 21.01(2) (West 2011)).

and touched her vagina with his hand. When she told him he was heavy, he "said something rude" and got up.

According to M.R., the family moved from Fort Worth to Arlington and then in 1991, to Plano. Throughout the moves, the abuse continued. M.R. estimated that appellant made her touch him about once a week. She told her mother's secretary about the abuse, and the secretary told M.R.'s mother. In 1996, when M.R. turned fourteen, she moved to Arizona to live with her father.

In March 2012, M.R. met with Tarrant County authorities and told them about the abuse. Appellant was charged with indecency in Tarrant County and pleaded guilty. The trial court deferred adjudication of guilt and placed appellant on community supervision for eight years. After she met with Plano police, appellant was also indicted in Collin County on four counts of indecency with a child.

The trial court heard the testimony of Arlington detective Victor Hadash, appellant's psychotherapist George Michael Strain, and the complainant M.R. Hadash investigated the Tarrant County case and said that although appellant initially denied the indecency allegation, he later admitted it and pleaded guilty. Strain was appellant's therapist after he was placed on community supervision and said appellant admitted having his five-year-old stepdaughter touch his penis. According to Strain, appellant characterized the event as an isolated one but later told Strain he "didn't remember if he had done it more than one time."

This evidence shows that on the dates alleged in each of the four counts, with the intent to arouse and gratify the sexual desire of any person, appellant engaged in sexual contact by having M.R., a child younger than 17 years of age and not his spouse, touch his penis. *See* TEX. PENAL CODE ANN. §§ 21.01(2), 21.11(a)(1). To the extent he argues there is no evidence he did so to arouse or gratify the sexual desire of any person, we disagree. M.R. testified that appellant used

her hand to masturbate approximately once a week over several years. That he repeatedly did this and continued to do it while she pretended to be asleep is evidence from which a reasonable factfinder could conclude he did so to gratify or arouse his sexual desire. M.R. also testified he lay on top of her, kissed her, and touched her vagina with his hand—further evidence from which the factfinder could infer his masturbation encounters were for self-gratification or arousal. We overrule appellant's third issue and, because the court of criminal appeals has abolished factual-sufficiency review, we do not address appellant's fourth issue.

In his first issue, appellant complains about the State's questions regarding the "continuous sexual abuse of a child" offense. To preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection each time the inadmissible evidence is offered or obtain a running objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). Error, if any, in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *Id.*

When the State asked appellant's sister, a punishment phase witness, whether she knew that appellant's actions, if committed today, would allow him to be charged with continuous sexual abuse of a child, he objected. Appellant did not object, however, when the State asked the complainant the same general question. We conclude appellant did not preserve error. We overrule his first issue.

In his second issue, appellant challenges the admission of impermissible character evidence, specifically the evidence of the California incident, under evidentiary rule 404.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

Rule of evidence 404 prohibits the use of a crime, wrong, or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b). Notwithstanding rule 404, "evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b) (West Supp. 2015).

Here, although appellant objected "under 404(b)" when the State asked Hadash and M.R. about the California incident, the evidence was admissible under article 38.37 to show appellant's state of mind and his relationship with M.R. We conclude the trial court did not err by allowing the evidence.

To the extent appellant argues the State failed to provide notice of its intent to use the evidence at guilt/innocence and the trial court should have excluded the evidence under the rule 403 balancing test, we note these complaints were not raised at trial and are therefore waived. *See Martinez v. State*, 327 S.W.3d 727, 736 f.10 (Tex. Crim App. 2010) (failure to object to lack of notice at trial waives issue on appeal); *Beasley v. State*, 838 S.W.2d 695, 702 (Tex. App.—Dallas 1992, pet. ref'd) (incumbent upon opponent of evidence to object that evidence, although relevant, should not be admitted because probative value is substantially outweighed by danger of unfair prejudice). We overrule his fourth issue.

In his final issue, appellant claims the cumulative effect of the compounded errors and questions raised requires we reverse his conviction for a new trial. Appellant, however, failed to prove error concerning his individual claims. As a result, we find no cumulative harm. *See Buntion v. State,* No. AP-76,769, 2016 WL 320742, at *13 (Tex. Crim. App. Jan. 27, 2016); *see*

*also Hughes v. State*, 24 S.W.3d 833, 844 (Tex. Crim. App. 2000) (declining to find harm in "cumulative effect" of alleged constitutional violations after finding no constitutional violations).

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150817F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VERNON ALLEN HULME, Appellant

No. 05-15-00817-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-81996-2014.
Opinion delivered by Justice Francis, Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of April, 2016.