# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2019

Lyle W. Cayce
Clerk

No. 18-20204
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALBERTO MONTELONGO-PUENTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-493-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Carlos Alberto Montelongo-Puente pleaded guilty to being found unlawfully present in the United States following a deportation that was subsequent to a conviction for an aggravated felony. The district court used the 2014 Sentencing Guidelines to calculate the applicable guidelines sentencing range and sentenced him within that range to 57 months of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20204

imprisonment to be followed by three years of supervised release. This appeal timely followed.

At issue here is the application of a 16-level increase to Montelongo-Puente's offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on the determination that his prior Texas conviction for aggravated robbery is a crime of violence for purposes of that Guideline. Montelongo-Puente acknowledges our previous holding in *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *abrogated on other grounds by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc), that Texas robbery falls within the generic definition of robbery and thus qualifies as the enumerated offense of robbery for purposes of § 2L1.2's 16-level enhancement. He argues, though, that the Texas Court of Criminal Appeals, in *Howard v. State*, 333 S.W.3d 137 (Tex. Crim. App. 2011), has since interpreted the Texas offense of robbery so broadly that it no longer fits the generic definition of robbery. We have recently rejected this argument and reaffirmed the holding of *Santiesteban-Hernandez*. *See United States v. Nunez-Medrano*, 751 F. App'x 494, 498–500 (5th Cir. 2018). While *Nunez-Medrano* is not binding, it is persuasive. *See* 5TH CIR. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7.

Because the Texas offense of aggravated robbery qualifies as generic robbery, the district court did not err in applying § 2L1.2(b)(1)(A)'s 16-level enhancement here. In light of this conclusion, we need not address Montelongo-Puente's argument that Texas aggravated robbery does qualify for the enhancement because it does not have as an element the use, attempted use, or threatened use of physical force against the person of another.

AFFIRMED.