# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 17-41072
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY LEE ROBERTSON, JR.,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-145-1

————————

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Roy Lee Robertson, Jr., pleaded guilty to bank robbery and was sentenced to 152 months of imprisonment, three years of supervised release, $1,405 in restitution, and a $100 special assessment. He argues that the district court erred in determining that his two prior Texas robbery convictions qualify as crimes of violence under U.S.S.G. § 4B1.1, making him a career offender subject to an enhanced sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41072

As Robertson concedes, he did not raise this argument in the district court and, therefore, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Under this standard, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If the appellant satisfies the first three elements of the plain error standard, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We have previously held that Texas robbery falls within the generic definition of robbery. *See United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 547–63 (5th Cir. 2013) (en banc).[1]  Robertson asserts that *Santiesteban-Hernandez* is no longer tenable in view of the decision in *Howard v. State*, 333 S.W.3d 137 (Tex. Crim. App. 2011), in which the Texas Court of Criminal Appeals held that Texas robbery does not require the presence of or the interaction with another person. We rejected this argument in *United States v. Nunez-Medrano*, No. 17-20644, 2018 WL 5095809, at *1–4 (5th Cir. October 17, 2018) (unpublished). In view of *Nunez-Medrano*, the district court did not plainly err in finding that Robertson's prior Texas robbery convictions were crimes of violence for the purposes of the career offender provision of § 4B1.1(b). *See id.*; *see also Puckett*, 556 U.S. at 135.

AFFIRMED.

---

[1] *Rodriguez* was abrogated on other grounds by *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017).