

# NUMBER 13-18-00158-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JESSE NINO,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## On appeal from the 94th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Hinojosa**

Appellant Jesse Nino appeals a judgment following a bench trial convicting him of aggravated assault with a deadly weapon, a second-degree felony enhanced by Nino's prior felony convictions, *see* TEX. PENAL CODE ANN. §§ 12.42, 22.02, and unlawful possession of a firearm by a felon, a third-degree felony. *See id.* § 46.04. The trial court sentenced Nino to ten years' imprisonment in the Texas Department of Criminal Justice–

Institutional Division on both counts to be served concurrently. By two issues, Nino argues that: (1) the State failed to provide factually and legally sufficient evidence to support his conviction for assault with a deadly weapon; and (2) the punishment assessed by the trial court was disproportionate to the seriousness of the alleged offense. We affirm.

## I. BACKGROUND

Nino was indicted for two counts of aggravated assault with a deadly weapon involving separate victims and one count of unlawful possession of a firearm by a felon.

### A. Briana Nino-Benavidez

Briana Nino-Benavidez testified that she received multiple phone calls from her grandmother Hortencia Nino who was in an emotional state. Benavidez went to Hortencia's house and entered through the back door.

After talking with Hortencia, Benavidez had a "confrontation" with Nino, Hortencia's son and Benavidez's uncle. Nino told Benavidez that she "had no business there" and called her a "crackhead." The two exchanged insults before they both adopted a fighting stance. Nino left the room and returned holding a black gun. According to Benavidez, Nino pointed the gun at both Benavidez and Hortencia while making threats. Benavidez testified that she then grabbed a knife from the kitchen sink. Nino said "I'll kill you if you don't leave" and "I'll f—ing kill you" to both Benavidez and Hortencia. Hortencia placed herself between them and fell back on Benavidez. During the confrontation, Benavidez recalled that the knife flew out of her hand. Benavidez then left the house and drove

2

away.   Benavidez alleged that Nino threw a fire extinguisher at her car as she sped off.

**B.    Jesse Nino**

Nino testified that he was at Hortencia's house when Benavidez arrived.   Nino saw Hortencia and Benavidez "doing some sneaky [stuff]."   He told them, "you–all need to stop doing this, man. . . . You–all come over here and you–all keep doing this, I don't want to lose my mom."

After Nino confronted Benavidez, he claims she grabbed a knife from the kitchen sink and threatened him.   Benavidez then allegedly sliced Nino's thumb before Hortencia pushed Benavidez outside.

**C.    Hortencia Nino**

Hortencia testified that she was at her house with Nino and Benavidez.   Hortencia recalled that Nino and Benavidez were arguing for about two minutes, and Nino was "just like getting mad."   Hortencia did not see Nino exhibit a gun, but she did see that Nino had something in his hand during the argument.   Hortencia testified that she saw Benavidez holding a knife, which Benavidez pointed toward Nino.   Hortencia tried to separate the two, and she told Benavidez to "take care of [her] babies."   Benavidez left the house, and the police arrived shortly thereafter.

**D.    Officer Testimony**

Corpus Christi Police Department officers arrived and arrested Nino.   After searching Hortencia's house, they discovered two firearms.

**E.      Verdict and Sentencing**

The trial court found Nino guilty of unlawful possession of a firearm by a felon and one of two counts of aggravated assault with a deadly weapon; however, the trial court acquitted Nino of his second count of aggravated assault with a deadly weapon.   The trial court sentenced Nino to ten years' imprisonment in the Texas Department of Criminal Justice–Institutional Division on both counts to be served concurrently.   This appeal followed.

## II.      SUFFICIENCY OF THE EVIDENCE

Nino's first issue challenges the legal sufficiency of the evidence supporting his conviction for aggravated assault with a deadly weapon.[1]

**A.      Standard of Review and Applicable Law**

When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether a rational factfinder could have found the elements of the offense beyond a reasonable doubt.   *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, (1979)).   In conducting our review, we consider all evidence in the record, whether it was admissible or inadmissible.   *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013).   We also consider direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence.   *Clayton v. State*, 235 S.W.3d 772, 778

---

[1] Nino purports to challenge both the legal and factual sufficiency of the evidence.   However, the Texas Court of Criminal Appeals has abolished factual sufficiency review.   *Howard v. State*, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011) (citing *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.)).   Therefore, we will address only Nino's legal sufficiency challenge.

4

(Tex. Crim. App. 2007).

Under this review, we do not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the trial judge, when sitting as the sole trier of fact, is the exclusive judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 2000) (citing *Mattias v. State*, 731 S.W.3d 936, 940 (Tex. Crim. App. 1987)).

## B.     Analysis

A person commits an assault if the person "intentionally or knowingly threatens another with imminent bodily injury[.]" *See* TEX. PENAL CODE § 22.01(a)(2). An assault is elevated to an aggravated assault if the person "uses or exhibits a deadly weapon during the commission of the assault." *Id.* § 22.02(a)(2). A firearm is a deadly weapon per se. *Id.* § 1.07(a)(17)(A).

Nino argues that the evidence was not sufficient to support the finding that he threatened Benavides with a firearm because her testimony was not credible. However, we do not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Gear*, 340 S.W.3d at 746. We resolve any conflicts or inconsistencies in the evidence in the light most favorable to the verdict. *Joseph*, 897 S.W.2d at 376. We must presume, therefore, that the trial court resolved the conflicting testimony between Nino and Benavidez in favor of Benavidez.

5

First, Benavidez testified that Nino had a gun in his hand and "was waving it around." Second, Benavidez testified that "[Nino] entered the room, he had [the gun] pointed at me" and that he told her "I'll kill you if you don't leave." Because Nino entered the room, displaying a handgun, which is per se a deadly weapon, and threatened Benavidez with it by pointing it at her, the evidence is legally sufficient to establish that Nino threatened Benavidez with a deadly weapon.

We conclude that a rational trier of fact could have found that the State established each element of the offense beyond a reasonable doubt. *See Gear*, 340 S.W.3d at 746; *see also Mancillas v. State*, No. 13-17-00005-CR, 2018 WL 3470637, at *3 (Tex. App.—Corpus Christi–Edinburg July 19, 2018, pet. ref'd) (mem. op., not designated for publication) (holding that the act of pointing a gun at an individual is, by itself, threatening conduct which supports a conviction for aggravated assault). Accordingly, we overrule Nino's first issue.

### III. CRUEL AND UNUSUAL PUNISHMENT

In his second issue, Nino contends that his punishment assessed by the trial court was disproportionate to the seriousness of the alleged offense, in violation of the Eighth Amendment.

### A. Standard of Review and Applicable Law

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. The Eighth Amendment applies to punishments imposed by

6

the state courts through the Due Process Clause of the Fourteenth Amendment. U.S. CONST. amend. XIV. A punishment within the limits prescribed by a valid statute "is not, per se, prohibited as cruel, unusual, or excessive." *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd). And when a sentence is within the prescribed statutory range set down by the legislature, sentencing authorities have nearly unfettered discretion to impose any punishment within that range. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).

**B.      Preservation**

The right to be free from cruel and unusual punishment and almost every constitutional or statutory right can be waived by failure to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *see also Barnhart v. State*, No. 13-18-00176-CR, 2018 WL 4100823, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 29, 2018, no pet.) (mem. op., not designated for publication). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. TEX. R. APP. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that the defendant forfeited their cruel and unusual punishment issue because no objection was made at trial).

Nino did not object when the trial court imposed the sentence and did not complain in any post-trial motion that the sentence was disproportionate to the offense or violated the Eighth Amendment. Therefore, Nino failed to preserve this issue for appeal.

*See* TEX. R. APP. P. 33.1(a); *Rhoades*, 934 S.W.2d at 120.

## C. Cruel and Unusual Punishment

Even if Nino had preserved error, his issue is without merit because the punishments for both his convictions fall within the legal range set forth by the state legislature. An aggravated assault is a second-degree felony, however "if it is shown on the trial of a second-degree felony that the defendant has previously been finally convicted of a felony… the defendant shall be punished for a felony of the first degree." TEX. PENAL CODE ANN. § 12.42(b). An individual found "guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years." *Id.* § 12.32(a). Unlawful possession of a firearm by a felon is a felony of the third degree. *Id.* § 46.04(e). An individual found "guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years." *Id.* § 12.34(a).

First, because Nino is a previously convicted felon, his conviction of aggravated assault with a deadly weapon was punished as a first-degree felony. *See id.* § 12.42(a). Accordingly, his sentence of ten years' imprisonment is well within the legal range set by statute. *See id.* § 12.32(a). In addition, Nino's punishment of ten years' imprisonment for unlawful possession of a firearm by a felon falls within the legal punishment range for a third-degree felony. *See id.* § 12.34(a). As both punishments fall within the legal range, the sentences are not prohibited as per se excessive, cruel or unusual; therefore,

8

the trial court possessed nearly unfettered discretion to impose any punishment within that range.   *See Trevino*, 175 S.W.3d at 928; *see also Ex parte Chavez*, 213 S.W.3d at 323.   We overrule Nino's second issue.

## IV.   CONCLUSION

Having overruled both of Nino's issues on appeal, we affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2019.