

# NUMBER 13-17-00255-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHRISTOPHER RAY REGALADO,                                           Appellant,

v.

THE STATE OF TEXAS,                                                 Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

Appellant Christopher Ray Regalado appeals from a judgment revoking community supervision and adjudicating guilt on one count of an aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West, Westlaw through 2017 1st C.S.); TEX. CODE CRIM. PROC. ANN. arts. 42A.751, 42A.755 (West, Westlaw through 2017 1st C.S.). The trial court sentenced Regalado to

confinement for five years with credit for time spent in the county jail. In two issues, Regalado complains that (1) the allegations of him committing public intoxication and failing to attend any twelve-step Alcoholics Anonymous (AA) meetings in the State's motion to revoke community supervision are supported by insufficient evidence[1]; and (2) the trial court erred in assessing punishment disproportionate to the seriousness of the offense. We affirm.

## I. BACKGROUND

Regalado was charged by indictment with one count of committing aggravated assault with a deadly weapon against his wife. TEX. PENAL CODE ANN. § 22.02(a)(2). Regalado waived his right to a trial by jury and pleaded guilty to the court. The trial court accepted Regalado's guilty plea, deferred adjudication for four years, placed him on community supervision, and assessed a $1,500 fine. The terms of the trial court's community supervision order required, among other things, that Regalado attend anger management classes, mental health counseling, a treatment alternatives to incarceration program, parenting classes, and a batterer's intervention prevention program. The community supervision order prohibited Regalado from committing an offense against the laws of this State or of the United States of America.

Approximately four years later, the State filed a motion to adjudicate guilt and

---

[1] Regalado's first issue purports to challenge the factual sufficiency of the evidence. However, the Texas Court of Criminal Appeals has abolished factual sufficiency review. *See Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2011) (citing *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.)). Regalado's factual sufficiency argument essentially challenges the legal sufficiency of the evidence. Accordingly, we construe it as a legal sufficiency challenge.

revoke community supervision. In its motion, the State alleged that Regalado had violated the terms of his community supervision by (1) committing the offense of public intoxication, (2) failing to attend any twelve-step AA meetings within eleven months, (3) associating with persons smoking marijuana, and (4) testing positive for marijuana on one occasion and cocaine on two occasions.[2] At the revocation hearing, Regalado (1) remained "silent" on the issue of public intoxication, (2) pleaded "not true" as to the allegation of failing to attend twelve step meetings, (3) pleaded "true" to the allegations of drug use, and (4) pleaded "true" to associating with persons smoking marijuana.

The State called Jorge Flores, a police officer with the Kingsville Police Department, to testify at the revocation hearing. Flores recalled responding to a call of criminal mischief involving a vehicle that had reportedly run into a fence and several trashcans. While responding to the call, Flores encountered Regalado walking near the vehicle suspected of hitting the fence and trashcans. The State asked Flores if Regalado was "cognizant" during their encounter. Flores responded that Regalado was "under the influence" because he was "stumbling" and his eyes were "glossy." Flores testified that Regalado told him that he had taken "all" of his medication before leaving in his car. The State also called Kristen Jamison, a community supervision and corrections officer with Kleberg and Kenedy counties, to testify. Jamison testified that Regalado's community supervision file contained no record of him attending any AA meetings as required by the community supervision order. When asked by the State if she could have gotten the

---

[2] The State also alleged numerous instances of Regalado's failure to pay fines and fees. The violation of those terms is not at issue in this appeal.

attendance records for the twelve-step AA meetings from the Veterans Administration (VA), Jamison responded that she had not received anything about AA meetings from Regalado's VA officer.

The trial court found that Regalado violated the terms of his community supervision by, among other things, (1) committing the offense of public intoxication, (2) failing to attend twelve-step AA meetings within eleven months, (3) associating with persons smoking marijuana, and (4) testing positive for marijuana and cocaine. It sentenced Regalado to confinement for five years for the count of aggravated assault with a deadly weapon. This appeal followed.

## II. DISCUSSION

### A. Revoking Community Supervision

Regalado's first issue argues that the evidence of public intoxication and failing to attend any twelve-step AA meetings within eleven months is legally insufficient. According to Regalado: (1) Officer Flores's testimony is erroneous and insufficient to support the public intoxication charge because the arrest was probably in error and that the officer "failed to summon EMS," choosing instead to take him to jail; and (2) the State had permission to, and should have, recovered the eleven months of attendance records for the twelve-step AA program but "just plain failed" to do so.

We review the trial court's order revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). A trial court may revoke community supervision if the State proves by a preponderance of the

4

evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006).

A finding of a single violation of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978)); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Additionally, a defendant's plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).

Regalado's pleading of "true" regarding the cocaine use, marijuana use, and associating with persons smoking marijuana standing alone is sufficient to support the trial court's decision to revoke community supervision. *See Cole*, 578 S.W.2d at 128; *see also Moses*, 590 S.W.2d at 470. We need not address whether the evidence was sufficient to support the other allegations. *See Cole*, 578 S.W.2d at 128; Tex. R. App. P. 47.1. Regalado's first issue is overruled.

## B. Punishment Disproportionate to Seriousness of Offense

Regalado's second issue is that the trial court erred in assessing punishment disproportionate to the seriousness of the aggravated assault with a deadly weapon charge. The trial court sentenced Regalado to confinement for five years with credit for

5

time spent in the county jail. According to Regalado, the trial court's assessment of five years' confinement is a cruel and unusual punishment under the Eighth and Fourteenth Amendments.

We review the trial court's assessment of punishment for an abuse of discretion. *See Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.–Corpus Christi 1989, pet. ref'd). The Eighth Amendment of the United States Constitution states that "excessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd). Failure to preserve error this way results in a waiver of a criminal defendant's Eighth and Fourteenth Amendment rights. *Nunez v. State*, 117 S.W.3d 309, 319 (Tex. App.—Corpus Christi 2003, no pet.), overruled, in part, on other grounds by *Resendez v. State*, 160 S.W.3d 181, 186 (Tex. App.—Corpus Christi 2005, no pet.) (en banc).

Here, Regalado did not (1) object when the trial court pronounced his sentence, nor (2) raise the issue in a motion for new trial. Therefore, Regalado has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a). Regardless, we note that even had Regalado preserved this issue, his five-year sentence was close to the lower end of statutory sentencing prescribed for his second-degree felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.02(a)(2). And punishments within the statutory limit

6

are generally not found to be excessive, cruel, or unusual. *See Simpson v. State*, 488

S.W.3d 318, 323 (Tex. Crim. App. 2016). Regalado's second issue is overruled.

### III. CONCLUSION

The trial court's judgment is affirmed.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of June, 2018.

7