

# NUMBER 13-17-00490-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES INGRAM JR., Appellant,

v.

THE STATE OF TEXAS, Appellee.

## On appeal from the 25th District Court of Gonzales County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides Memorandum Opinion by Justice Contreras**

Appellant James Ingram Jr. appeals his conviction for assault on a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West, Westlaw through 2017 1st C.S.). By two issues, appellant argues that: (1) there was insufficient evidence to support his conviction, and (2) his presumption of innocence and due process

rights were violated because the trial court asked the jurors to recite the Pledge of Allegiance. We affirm.

## I. BACKGROUND

Appellant was indicted on one count of assault on a public servant. *See id.* The indictment included two enhancement paragraphs. On the day of trial, after the jury had entered the courtroom but before they were seated, the trial court stated "Please join me in the Pledge of Allegiance." The jury was then sworn in and trial proceedings commenced.

The State first called Officer Daniel Torres of the Luling Police Department. At the time of appellant's offense, Torres was employed with the Nixon Police Department. Torres initiated a traffic stop of appellant's vehicle after he observed appellant driving. Torres was aware that appellant's license was suspended, and he confirmed that fact over the computer prior to the traffic stop. According to Torres, appellant ignored the flashing police lights and continued to drive a short distance until he parked at his residence. Once there, appellant exited his vehicle, and Torres informed appellant he was being placed under arrest for driving without a license. Torres repeatedly instructed appellant to place his hands behind his back, but appellant refused to comply. Appellant's girlfriend and wife were also present at the scene.

After appellant failed to comply with Torres's commands, Torres attempted to grab appellant's arm to place him under arrest. According to Torres, when he grabbed appellant's arm, appellant "pushed with both hands and punched" in one simultaneous motion, striking Torres in the chest and in the face. The strike knocked Torres into the lawn tractor beside him, but he regained his balance and successfully placed appellant

2

under arrest. Torres explained the strike caused his face to sting, caused it to be sore that night, and caused it to be swollen the next day.

Torres radioed for back up, and Deputy Jared Brumme of the Gonzales County Sheriff's Office responded to the call. Brumme testified that when he arrived he noticed Torres was a bit shaken from the struggle with appellant and that Torres had a small amount of redness on his cheek area.

As his witnesses, appellant called his girlfriend, Darcy Clifton, and his wife, Carolyn Thomas. Clifton testified that Torres pushed appellant as he attempted to put handcuffs on him and that appellant then pushed Torres back, causing him to trip over the lawnmower. Clifton denied seeing appellant punch Torres. Thomas testified that appellant and Torres "started tussling" as Torres attempted to handcuff appellant. As they struggled, according to Thomas, both Torres and appellant fell. Thomas testified she never saw appellant strike Torres.

The jury found appellant guilty. The trial court found the enhancement allegations true and assessed punishment at twenty-five years in the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant argues that the evidence was insufficient to support his conviction.

### A. Standard of Review

When examining the legal sufficiency of the evidence, we consider the combined and cumulative force of all admitted evidence in the light most favorable to the conviction to determine whether, based on the evidence and reasonable inferences therefrom, any rational trier of fact could have found each element of the offense beyond a reasonable

3

doubt.[1]  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015).  In doing so, we give deference to the responsibility of the jury as factfinder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from facts.  *Jackson*, 443 U.S. at 319; *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Johnson v. State*, 419 S.W.3d 665, 671 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).  "Deference to the trier of fact extends to inferences drawn from the evidence as long as the inferences are reasonable ones supported by the evidence and are not mere speculation."  *Villa*, 514 S.W.3d at 232; *see Johnson*, 419 S.W.3d at 671.  As factfinder, the jury is the exclusive judge of the credibility of the witnesses and the weight to be afforded to their testimony.  *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (en banc).  In other words, a jury may believe a witness even though the witness's testimony has been contradicted and accept any part of a witness's testimony and reject the rest.  *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc).

We measure the legal sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge for the case.  *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc)).  "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."  *Id.* (internal quotation marks

---

[1] In his brief, appellant urges us to employ a factual sufficiency review of the evidence.  However, the Texas Court of Criminal Appeals has discarded factual sufficiency review.  *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (panel op.).  Thus, we reject appellant's request and proceed with our legal sufficiency review analysis.  *See Jackson v. Virginia*, 433 U.S. 307, 319 (1979); *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015).

4

omitted). The law as authorized by the indictment must be the statutory elements of the offense as modified by the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). That is to say, the hypothetically correct jury charge could not simply quote the language of the statute; rather, it must track the elements of the law specifically alleged by the indictment. *Id.* at 404–05.

## B. Applicable Law

A person commits the offense of assault on a public servant if a person (1) intentionally, knowingly, or recklessly (2) causes bodily injury to another; and (3) the offense is committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1).

A mental state may be inferred from acts, words, and conduct of the accused. *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) (en banc); *Louis v. State*, 329 S.W.3d 260, 268–69 (Tex. App.—Texarkana 2010), *aff'd*, 393 S.W.3d 246 (Tex. Crim. App. 2012). "Indeed, mental culpability is of such a nature that it generally must be inferred from the circumstances under which a prohibited act or omission occurs." *Hernandez*, 819 S.W.2d at 810; *see Louis*, 329 S.W.3d at 268–69.

Here, Torres, Clifton, and Thomas testified appellant repeatedly refused to comply with Torres's requests to place his arms behind his back. According to them, when Torres grabbed appellant by the arm, appellant pushed Torres back. Looking at the evidence in the light most favorable to the verdict, we conclude that a jury could have found or inferred that appellant acted intentionally, knowingly, or recklessly. *See Howard v. State*, 333 S.W.3d 137, 140 (Tex. Crim. App. 2011); *Payne v. State*, 502 S.W.3d 829, 832 (Tex.

5

App.—Houston [14th Dist.] no pet.); *see also Price v. State*, 457 S.W.3d 437 441–42 (Tex. Crim. App. 2015).

Bodily injury is defined as physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8) (West, Westlaw through 2017 1st C.S.). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). "A fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Id.*

Here, Torres explained he was sore and experienced pain and swelling. Brumme testified Torres had redness on his face after the altercation. This constituted evidence of bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(a)(8); *Garcia*, 367 S.W.3d at 688. It is also undisputed that, at the time of the offense, Torres was a police officer in uniform discharging an official duty. *See Clark v. State*, 461 S.W.3d 244, 248–49 (Tex. App.—Eastland 2015, pet. ref'd). The jury could have inferred that appellant knew Torres was a public servant lawfully discharging an official duty.

Even if there was conflicting testimony, we must presume that the trier of fact resolved any conflict in the evidence and testimony in favor of the prosecution, and we must defer to that resolution. *Couchman v. State*, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref'd) (citing *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991) (en banc)). Therefore, we conclude the evidence was sufficient to support appellant's conviction for assault on a public servant. *See Ortega v. State*, 207 S.W.3d 911, 919–20 (Tex. App.—Corpus Christi 2006, no pet.).

We overrule appellant's first issue.

### III.  PRESUMPTION OF INNOCENCE AND DUE PROCESS

By his second issue, appellant argues that the trial court's proposition to the jury to join in on the recitation of the Pledge of Allegiance violated his due process and his presumption of innocence.

General preservation requirements apply to improper judicial comments.  *See Unkart v. State*, 400 S.W.3d 94, 98–102 (Tex. Crim. App. 2013).  "The traditional and preferred procedure for seeking relief at trial for a complaint that must be preserved is (1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient."  *Id.* at 98–99.  Appellant failed to do any of this.  Appellant cites to *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) in support of his argument that preservation requirements did not apply, but his argument is unavailing.  The Texas Court of Criminal Appeals has specifically concluded that "the *Blue* decision has no precedential value."  *Unkart*, 400 S.W.3d at 100–01.  Accordingly, we reject appellant's argument and conclude he has failed to preserve this issue for our review.  *See* TEX. R. APP. P. 33.1; *Unkart*, 400 S.W.3d at 98–99.

Furthermore, appellant cites no authority in support of his claim that the recitation of the Pledge of Allegiance is a violation of due process or of his presumption of innocence.  On the contrary, we note that courts have rejected similar arguments.  *See United States v. Wonschik*, 353 F.3d 1192, 1198 (10th Circ. 2004); *Robles v. State*, 589 S.E.2d 566, 570–71 (Ga. 2003); *State v. Perry*, 2008 WL 4918233, at *4 (Ohio Ct. App. 5th Dist. 2008), *rev'd on other grounds*, 906 N.E.2d 1112 (Ohio 2009).

> We recognize that trial judges, among their many responsibilities, should take care not to create the impression that it is appropriate for the judge or the jury to favor the prosecution simply because the court and the

7

prosecution are both institutions of the United States. However, we do not think it reasonable to suppose that the jurors inferred from the Pledge of Allegiance a patriotic obligation to serve as a rubber stamp for the prosecution. Rather, we believe the pledge represents, and evoked in the juror's minds, a more enlightened patriotism, fidelity to which required them to uphold our nation's Constitution and laws by sitting as impartial finders of fact in the matter before them. That is as likely to benefit a defendant as to prejudice him.

*Wonschik*, 353 F.3d at 1198–99.

We overrule appellant's second issue.

## IV.    CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 6th
day of December, 2018.